### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                    **CAUSE NO.  A-10-CR-124-SS**

**SAMUEL ROMAN, JR. (11)**

_____

### O R D E R

BE IT REMEMBERED on July 29, 2010, the Court held a hearing in the above-styled cause and the Defendant Samuel Roman, Jr. ("Defendant") appeared in person and through counsel.  On that day, the Court was presented with Defendant Roman's Motion to Dismiss Indictment/Information for Charging Duplicitous Conspiracy Counts [#209], and the Government's response thereto [#377], [#379].  Having considered the motion and response, the arguments of counsel at the hearing, the applicable law, and the case file as a whole, the Court enters the following opinion and order.

Count One of the indictment entered in this case on March 2, 2010 charges that Defendant (along with the other defendants in this case) did, from September 2004 through the date of the indictment, "unlawfully, knowingly, and willfully combine, conspire, confederate, and agree with one or more persons, known and unknown, to the Grand Jury to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a controlled substance," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Indict. [#33].  The

indictment further alleges the "objectives," "methods of communication," and "modus operandi" of the conspiracy, as well as some 23 overt acts, with at least one overt act alleged per defendant. *Id.* Furthermore, Count Two of the indictment charges, in relevant part, that Defendant (along with co-defendants Laura Chavez, Nicholas Cantu, and Richard Roman), from 2004 through the date of the indictment, "together and with others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree...to commit certain offenses against the United States"; namely, that these defendants, "knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such a financial transaction...with the intent to promote the carrying on of specified unlawful activity as alleged in Count I, in violation of" 18 U.S.C. § 1956(h).[1]  *Id.*

In the instant motion to dismiss the indictment, Defendant claims Count One of the indictment is duplicitous because it charges two separate drug conspiracies (the earlier of which is arguably barred by the limitations period).  According to the indictment, the drug conspiracy in Count One began in September 2004 and continued until March of 2010.  Indict. [#33].  However, Defendant claims there are actually *two* separate conspiracies alleged: one in 2004, and another from 2007 through 2010.  The Government, on the other hand, argues that only one overarching conspiracy existed during the relevant period, and thus that Count One is not duplicitous.

A charge in an indictment is "duplicitous" if it joins two or more distinct and separate offenses in a single count.  *United States v. Sharpe*, 193 F.3d 852, 865 (5th Cir. 1999); *United States*

---

[1]On July 20, 2010, the Grand Jury returned a superseding "charge" indictment.  *See* Super. Indict. [#344].  However, because the instant motion to dismiss the indictment was filed on March 30, 2010, it refers to the original "speaking" indictment.

*v. Lyons*, 703 F.2d 815, 821 n.8 (5th Cir. 1983).   In determining whether an indictment is duplicitous, a court must assess whether the indictment can be read to charge only one violation in each count. *Sharpe*, 193 F.3d at 866.  The Fifth Circuit distinguishes between "acts" and "offenses" for the purposes of assessing duplicity; more than one "act" may be included within a single count if the acts represent a single, continuing scheme and (1) the indictment adequately notifies the defendant of the charges pending; (2) does not subject the defendant to double jeopardy; (3) does not permit prejudicial evidentiary rulings at trial; and (4) does not allow the defendants to be convicted by a single, non-unanimous verdict. *Id.* at 870 (citing *United States v. Fisher*, 106 F.3d 622, 632 (5th Cir. 1997)).

In the present case, Count One of the indictment alleges that on August 31, 2004, Defendant (aided and abetted by others) arranged to receive 4 kilograms of cocaine being delivered by a commercial delivery service.  Indict. at 5.  Law enforcement officers attempted delivery to the residence, but no one claimed the package.  *Id.*  During this 2004 period, the indictment alleges Defendant's cell phone records indicate he was in contact with Laura Chavez (his cousin) via cell phone.  *Id.*  Aside from these facts, all the other overt acts pled in the indictment took place from May 2007 through February 2010.   Thus, Defendant claims there is no factual basis in the indictment to establish the 2007-2010 conspiracy was rooted in the same conspiratorial agreement as the 2004 conspiracy.

In distinguishing between a single conspiracy and multiple conspiracies, the Fifth Circuit has focused on the following elements: (1) the time period involved, (2) the persons acting as co-conspirators; (3) the statutory offenses charged in the indictment; (4) the nature and scope of the

criminal activity; and (5) the places where the events alleged as the conspiracy took place.[2]  *United States v. Lokey*, 945 F.2d 825, 833 (5th Cir. 1991) (citations omitted).  When applying this analysis, no one factor is determinative; instead, the Court must look at all five factors in combination. *United States v. Atkins*, 834 F.2d 426, 432-33 (5th Cir. 1987), *overruled on other grounds*, 933 F.2d 325 (5th Cir. 1991).  Defendant claims the foregoing factors as a whole support a finding Count One alleges two distinct conspiracies; however, the Court does not agree.

First, as to the time period involved, Defendant claims the indictment alleges no facts indicating the 2004 conspiracy was part of the same overarching scheme as the later conspiracy, and thus he claims the two conspiracies are separated by two and a half years without anything tying them together.  However, it is well-settled "a single conspiracy is not transformed into multiple conspiracies simply by lapse of time, change in membership, or change in geographical emphasis." *United States v. Sanchez*, 961 F.2d 1169, 1172 (5th Cir. 1992).  The Government asserts it is prepared to elicit facts  which will tend to prove the conspiracy was ongoing and continuous for many years, such as an authorized intercept of a telephone conversation between Laura Chavez and Richard Roman (Defendant's brother) which took place in December 2009, and in which they reference the fact it has been the "best ten years," and it has been "ten years worth of sweat."  Gov.'s Resp. at 5.  The Government further asserts the cooperating co-defendants in this case have

---

[2]In fact, various tests have been set forth by the Fifth Circuit for determining whether there exists a single conspiracy or multiple conspiracies. *See, e.g. United States v. Puig-Infante*, 19 F.3d 929, 935-36 (5th Cir. 1994) (finding the following factors determinative: (1) whether there was a common goal, (2) the nature of the scheme, and (3) whether the participants in the various dealings overlapped).  However, because the Court finds the indictment does not allege multiple conspiracies even under the test relied upon by Defendant in his motion to dismiss, the Court will use that test, as it is the test which is presumably the most favorable to Defendant.

provided information (and will testify) about the association of Defendant and Richard Roman with Laura Chavez for the past ten years, and have stated that Defendant and Roman coordinated shipments of cocaine and payments of money for Chavez during those ten years.  *Id.* at 6.

As to the persons acting as co-conspirators, Defendant claims some 12 of the conspirators who allegedly participated in the later conspiracy are not named in connection with the 2004 conspiracy.  However, the indictment does allege Laura Chavez functioned as the main distribution point for the conspiracy, and her involvement is pled both in 2004 and later.   Courts have recognized there is sufficient overlap of personnel if a pivotal figure, such as Chavez, "directs and organizes the illegal activity, and has extensive dealings with each of the parties."  *See, e.g. Lokey*, 945 F.2d at 833.  The indictment alleges the participation of Defendant, Roman, and Chavez in 2004 and throughout 2010; therefore, the simple fact the number of co-conspirators appears to have grown over time does not indicate multiple conspiracies.   The Fifth Circuit has clearly held "[c]o-conspirators may come and go, and each change in membership does not create a new conspiracy."  *United States v. Manotas-Mejia*, 824 F.2d 360, 366 (5th Cir. 1987).

As to the statutory offenses charged in Count One, they are the same for both time periods; thus, Defendant admits this factor is neutral.

As to the nature and scope of the activity, Defendant claims the types of activities alleged are subtly different during the two time periods: in 2004, it is alleged the conspirators used a commercial delivery service to mail drugs, and in 2007-2010 it is alleged they used mules to personally deliver the drugs.  However, it is clear the purpose of the conspiracy in both time periods was illegal drug transportation, and to that end it is alleged Defendant and Richard Roman would

supply the cocaine and Chavez would distribute it and return the proceeds.  Therefore, the fact the manner of transporting the drugs may have varied slightly over the years is completely irrelevant, and the Court finds the nature and scope of the alleged activities is substantially similar.

Finally, as to the location of the activities, the activities allegedly performed in 2004 and those allegedly performed in 2007-2010 both took place in Austin (although it is specifically pled in 2007-2010 that the source of the controlled substances was Mexico).  Austin is the venue identified in the indictment, and it is the site of the overwhelming majority of the acts that were allegedly taken in the course of the conspiracy.  Furthermore, the indictment does not allege the narcotics distributed in 2004 came from somewhere other than Mexico—it simply does not state a specific source of those narcotics.

In sum, considering all of the factors above and the allegations in the indictment, the Court finds Count One alleges a single conspiracy and thus is not duplicitous.  Although there is a substantial time gap, the acts pled in 2004 involve Defendant, Roman, and Chavez, who are all also allegedly members of the 2007-2010 conspiracy.  The 2004 acts also involve the same statutory offenses, the same criminal activity (illegally transporting drugs), and the same principal location (Austin).  In short, the Court finds Count One clearly alleges the existence of a single, overarching conspiracy, and thus Defendant's motion to dismiss should be denied on this ground.

Defendant also claims Count Two of the indictment is duplicitous as to him because it charges two money laundering conspiracies under 18 U.S.C. § 1956(h), which track the conspiracies charged in Count One.  According to the indictment, the money laundering conspiracy in Count Two began in 2004 and continued until approximately March 2010.  Indict. [#33].  Defendant

argues the money laundering conspiracy is derivative of the drug conspiracy alleged in Count One, and therefore Count Two must likewise be separated to correspond to the two separate conspiracies in Count One.  Defendant admits the analysis is the same as to both Counts; therefore, the Court finds Count Two likewise alleges a single conspiracy, and is not duplicitous.

In accordance with all of the foregoing,

IT IS ORDERED that Defendant Samuel Roman, Jr.'s Motion to Dismiss the Indictment for Charging Duplicitous Conspiracy Counts [#209] is DENIED in full.

SIGNED this the 19th day of August 2010.

_____
UNITED STATES DISTRICT JUDGE